## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DAN HEINE**, | Case No. 3:15-cv-01622-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **THE BANK OF OSWEGO,** **an Oregon corporation**, | |
| Defendant. | |

Caroline Harris Crowne, TONKON TORP LLP, 1600 Pioneer Tower, 888 S.W. Fifth Avenue, Portland, OR 97204; Jeffrey Alberts, Bryan T. Mohler, and Danielle E. Tepper, PRYOR CASHMAN LLP, 7 Times Square, New York, NY 10036. Of Attorneys for Plaintiff.

G. Kevin Kiely, Casey M. Nokes, and Nicole M. Swift, CABLE HUSTON LLP, 1001 S.W. Fifth Avenue, Suite 2000, Portland, OR 97204. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

From 2004 through September 2014, Plaintiff Dan Heine ("Heine") was President, Chief Executive Officer, co-founder, and a member of the Board of Directors of Defendant The Bank of Oswego (the "Bank"). In June 2015, a federal grand jury indicted both Heine and Diana Yates

("Yates")[1] for conspiracy to commit bank fraud and making false bank entries, reports, and transactions during the time that Heine and Yates were affiliated with the Bank (the "Criminal Action").[2] The Criminal Action is pending, and trial is set to begin on November 1, 2016.

Invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332, Heine commenced this civil lawsuit against the Bank in August 2015, asserting three claims: (1) advancement of reasonable expenses that Heine will be incurring in his defense in the Criminal Action ("First Claim"); (2) reimbursement of Heine's reasonable attorney's fees and expenses incurred in bringing this action ("Second Claim"); and (3) a declaratory judgment stating that the Bank is obligated to advance Heine's expenses, including legal fees, incurred in his defense in the Criminal Action ("Third Claim").

Both Heine and the Bank waived their rights to a jury in this civil case, and the Court held a bench trial on November 3, 2015 on essentially stipulated facts. On November 13, 2015, the Court issued an Opinion and Order setting forth its Findings of Fact and Conclusions of Law on Heine's First and Third Claims. The Court concluded that Heine was entitled to partial judgment in his favor on his First and Third Claims.

The parties have now fully briefed the issues in Heine's Second Claim, which the Court addresses separately under Federal Rule of Civil Procedure 42(b). Based on the evidence received at the November 3, 2015 bench trial and the parties' briefing, this Opinion and Order sets forth the Court's Findings of Fact and Conclusions of Law on Heine's Second Claim, pursuant to Federal Rule of Civil Procedure 52(a).

---

[1] From 2004 through March 2012, Yates was Executive Vice President, Chief Financial Officer, co-founder, and Secretary of the Bank's Board of Directors.

[2] *United States v. Dan Heine and Diana Yates*, Case No. 3:15-cr-00238-SI (D. Or.).

**FINDINGS OF FACT**

The Court incorporates by reference all Findings of Fact set forth in its November 13, 2015 Opinion and Order in this case (Dkt. 70).

**CONCLUSIONS OF LAW**

Heine's Second Claim seeks reimbursement of Heine's reasonable attorney's fees and expenses incurred in bringing his civil action against the Bank. As the Court noted in its November 13, 2015 Opinion and Order, Heine's action arises under and is based on Oregon contract law. Dkt. 70 at 12-14. Oregon courts "have repeatedly stressed their strict adherence to the American rule that attorney's fees are recoverable in a breach of contract action between the parties to the contract only where the contract provides for them." *Gruver v. Midas Intern. Corp.*, 925 F.2d 280, 284 (9th Cir. 1991) (citing *Samuel v. Frohnmayer*, 308 Or. 362, 366 (1989)). The Oregon Supreme Court has "adopted a narrow policy on the allowance of attorney fees and held that they will not be allowed unless *expressly authorized* by a statute or a contract."[3] *Cash Flow Investors, Inc. v. Union Oil Co.*, 318 Or. 88, 91 (1993) (emphasis in original) (quotation marks omitted).

Here, Heine argues that two provisions of the contract central to this dispute—the Bank's Articles of Incorporation (the "Articles")[4]—provide for the recovery of attorney's fees incurred in prosecuting his claims for advancement: Section VII.F of the Articles, regarding advancement; and Section VII.A, regarding indemnification. The Bank disagrees. Thus, whether Heine is

---

[3] The parties have not identified any Oregon statute that provides a prevailing party with the right to attorney's fees arising from an advancement dispute, nor is the Court aware of any such statute.

[4] As the Court has previously discussed, the Bank's Articles of Incorporation create contractual rights and obligations between the Bank and its current and former officers and directors. Dkt. 70 at 12 (November 13, 2015 Opinion and Order).

entitled to recover under his Second Claim turns upon the interpretation of these disputed contractual provisions.

The Oregon Supreme Court has established a three-step process for interpreting a disputed contractual provision. *Yogman v. Parrott*, 325 Or. 358, 361-64 (1997). First, the court must determine whether, as a matter of law, the relevant provision is ambiguous. *Id.* at 361. A contractual term is ambiguous if it can "reasonably be given more than one plausible interpretation." *Williams v. RJ Reynolds Tobacco Co.*, 351 Or. 368, 379 (2011). When construing a contractual provision, the court is "not to insert what has been omitted, or to omit what has been inserted." Or. Rev. Stat. ("ORS") § 42.230; *see also Yogman*, 325 Or. at 361 (citing ORS § 42.230 at step one of the analysis).

The analysis ends "[i]f the meaning of the provision is clear from the text and context" of the contract. *Williams*, 351 Or. at 379-80. If the provision is ambiguous, however, the court proceeds to the second step. *Yogman*, 325 Or. at 363. At the second step, the trier of fact examines extrinsic evidence of the contracting parties' intent and construes the contractual provision consistent with that intent, if such a resolution can be determined. *Id.* If, after examining extrinsic evidence, the contract is still ambiguous, the court applies appropriate maxims of construction at the third step.[5] *Id.* at 364.

---

[5] Heine alternatively argues that any ambiguity in the Articles must be interpreted in his favor at the third step of *Yogman* under ORS § 42.260, which provides that "[w]hen different constructions of a provision are otherwise equally proper, that construction is to be taken which is most favorable to the party in whose favor the provision was made." The Court finds that the disputed provisions of the Articles unambiguously do not provide for the relief Heine seeks in his Second Claim, and thus does not reach steps two and three of *Yogman*. The Court notes, however, that the Oregon Supreme Court has cautioned that exceptions to the general rule that prevailing party attorney's fees are not permitted in a breach of contract action in the absence of a statute or "some agreement *expressly authorizing*" them are "narrowly construed." *Cash Flow*, 318 Or. at 91 (emphasis added) (quotation marks omitted). Thus, even if the Articles plausibly could be interpreted to support an implicit right of recovery for fees on fees, Oregon courts'

First, the Court considers Heine's argument that Section VII.F of the Articles provides for the recovery of his attorney's fees and expenses incurred in bringing this civil action against the Bank. Second, the Court considers Heine's argument that Section VII.A of the Articles provides for that result. Finally, the Court addresses Heine's assertion that such recovery is supported by the public policy favoring advancement and indemnification.

**A.  Section VII.F**

Heine first argues that he is entitled under Section VII.F of the Articles to the reimbursement of his legal fees and expenses incurred in prosecuting his claims for advancement in this action. The relevant portion of this Section reads as follows:

> **Expenses incurred by a person indemnified hereunder in defending a . . . criminal, . . . action**, suit or proceeding (including all appeals) or threat thereof, shall, to the extent not prohibited by applicable law or regulation, be paid by the Corporation in advance of the final disposition of such action, suit or proceeding upon receipt of an undertaking by or on behalf of such person to repay such expenses if it shall ultimately be determined that the person is not entitled to be indemnified by the Corporation and a written affirmation of the person's good faith belief that he or she has met the applicable standard of conduct.

Ex. 1, p. 6 (emphasis added).[6] Heine argues that the legal fees incurred in this civil case seeking advancement were necessary to his defense of the Criminal Action, and thus are subject to advancement by the Bank.

---

adoption and interpretation of the American rule may counsel against the finding of such an implied right. *See also Baker v. Health Mgmt. Sys., Inc.*, 772 N.E.2d 1099, 1104 (N.Y. 2002) (stating that even if statutory language "could arguably support an implied right of indemnification for fees on fees, the 'American Rule' jurisprudence of this Court and the Supreme Court of the United States would militate against adoption of that interpretation").

[6] Exhibits received in evidence at the November 3, 2015 bench trial are referred to as "Ex." followed by the specific page number of that exhibit. The Court received Heine's exhibits one through six into evidence. The Court received the Bank's exhibits 201-211 and 213-14.

The text of Section VII.F, however, provides only for the advancement of "[e]xpenses incurred . . . *in defending*" against the Criminal Action, not for expenses incurred in bringing a separate breach of contract suit against the Bank. *Id.* (emphasis added). When construing a contract provision, a court is "not to insert what has been omitted, or to omit what has been inserted." ORS § 42.230; *see also Yogman*, 325 Or. at 361 (citing ORS § 42.230 at step one of the process for interpreting a disputed contractual provision). To hold that Section VII.F provides for the advancement of expenses incurred in bringing a separate civil action would be to improperly "insert what has been omitted." Thus, Heine's interpretation of Section VII.F is implausible. Section VII.F does not authorize Heine to recover attorney's fees and expenses incurred in litigating his claims for advancement.[7]

## B.  Section VII.A

Heine next argues that he is entitled to indemnification for legal fees and expenses incurred in bringing this civil action against the Bank under Section VII.A of the Articles. The relevant portion of this Section reads as follows:

---

[7] Heine cites two Delaware cases in support of his argument that legal fees and expenses incurred in enforcing an indemnification provision are "expenses incurred" for purposes of advancement, neither of which are availing. In *O'Brien v. IAC/Interactive Corp.*, 2009 WL 2490845 (Del. Ch. Aug. 14, 2009), the court held that a plaintiff could recover legal fees incurred in enforcing an indemnification provision where the express terms of the contract required the corporation to advance such costs. *Id.* at *10 ("[IAC] shall, and shall cause [PRC] to, advance all Costs to any indemnitee incurred by enforcing the indemnity.") (footnote omitted). Here, the Articles do not contain an analogous clause. Similarly, in *Martinez v. Regions Financial Corp.*, 2009 WL 2413858 (Del. Ch. Aug. 6, 2009), the court held that a plaintiff was entitled to the recovery of legal fees and expenses incurred in bringing claims against her former employer under an employment agreement. *Id.* at *14. The employment agreement explicitly provided for the recovery of such expenses: "The Company agrees to pay as incurred, to the full extent permitted by law, all legal fees and expenses which the Executive may reasonably incur as a result of any contest . . . by the Company, the Executives or others of the validity or enforceability of, or liability under, any provision of this Agreement or any guarantee of performance thereof (including as a result of any contest by the executive about the amount of payment pursuant to this Agreement)." *Id.* at *4. Again, the Articles here contain no such clause.

> [T]he [Bank] shall indemnify any person who was or is a party or
> is threatened to be made a party to any threatened, pending or
> completed action, suit or proceeding, whether civil, criminal,
> administrative, or investigative (including all appeals), by reason
> of or arising from the fact that the person is or was a director or
> officer of the Corporation or one of its subsidiaries . . . against
> reasonable expenses (including attorney's fees), judgments, fines,
> penalties, excise taxes assessed with respect to any employee
> benefit plan and amounts paid in settlement actually and
> reasonably incurred by the person to be indemnified **in connection
> with such action**, suit or proceeding . . .

Ex. 1, p. 4 (emphasis added). Relatedly, Section VII.D of the Articles provides for mandatory

indemnification when a director or officer is successful in defense of an action: "[T]o the extent a

director, officer, employee or agent (including an attorney) is successful on the merits or

otherwise in defense of any action . . . or in defense of any claim, issue or matter therein, that

person shall be indemnified against expenses (including attorneys fees) actually and reasonably

incurred by him *in connection therewith*." Ex. 1, p. 5 (emphasis added).

Heine asserts that he is a "party" to this civil breach of contract action (which he

commenced) by reason of, and arising from, the fact that he is or was an officer and director of

the Bank, and thus is within the category of persons eligible to be indemnified. Heine argues that

because he was successful on his First and Third Claims, he is entitled to indemnification of his

attorney's fees and other reasonable expenses incurred in this action.

Generally, however, the indemnification of corporate executives refers to their right of

protection from claims and charges brought *against* them by virtue of their position with the

corporation. For example, the Oregon Banking Act authorizes a banking institution to

"indemnify an individual *made a party* to a proceeding because the individual is or was a

director against liability incurred in the proceeding" under specified circumstances. ORS

§ 707.746(1) (emphasis added). "[M]ade a party" is in the passive voice, indicating that the

individual must be the subject of the action. The Oregon Banking Act does not authorize a

banking institution to indemnify an individual who *initiates* a civil proceeding against the institution.

Additionally, the text and context of the Articles as a whole demonstrate that Section VII.A only applies to directors and officers who are made a party to a proceeding, not to those who initiate a proceeding. First, Section VII.A protects a director or officer against "judgments, fines, penalties, excise taxes . . . and amounts paid in settlement," which are all exactions brought *against* the director or officer. Ex. 1, p. 4. As a condition precedent to protection under Section VII.A, an individual "who desires to receive the benefits [of indemnification] shall promptly notify the Corporation that the person has been *named a defendant* to an action, suit or proceeding . . . and intends to rely upon the right of indemnification." Ex. 1, p. 5 (emphasis added). Second, as discussed above, the Articles only provide for the advancement of "[e]xpenses incurred . . . *in defending* a civil, criminal, administrative or investigative action." Ex. 1, p. 6 (emphasis added). Finally, the mandatory indemnification clause that Heine relies upon only requires indemnification where a director or officer is "successful on the merits or otherwise *in defense* of any action." Ex. 1, p. 5 (emphasis added). Thus, Heine is not entitled to indemnification under Section VII.A against attorney's fees and expenses incurred in bringing, or prosecuting, his claims for advancement in this civil case.

## C.  Public Policy

Heine makes the additional argument that Delaware courts that have considered the recoverability of legal fees incurred in an advancement action have consistently held that permitting such recovery furthers the public policy favoring advancement and indemnification. Heine relies upon the Delaware Supreme Court's decision in *Stifel Financial Corp. v. Cochran*, 809 A.2d 555 (Del. 2002), in which the court reasoned that:

> Allowing indemnification for the expenses incurred by a director
> in pursuing his indemnification rights gives recognition to the
> reality that the corporation itself is responsible for putting the
> director through the process of litigation. . . . [and] prevents a
> corporation from using its 'deep pockets' to wear down a former
> director, with a valid claim to indemnification, through expensive
> litigation.

*Id.* at 561.

In *Stifel*, the Delaware Supreme Court considered whether an indemnification bylaw permitting indemnification to the "fullest extent permitted by law" included a claim for fees incurred in prosecuting a claim for advancement under the bylaws. *Id.* at 560. The plaintiff argued on appeal that "because the indemnification Bylaw permits indemnification to the 'fullest extent permitted by law' and there is no express prohibition in the law against indemnification of expenses incurred in prosecuting the indemnification suit," he could recover attorney's fees incurred in prosecuting his claim for advancement. *Id.* The Delaware Supreme Court held that "indemnification for expenses incurred in successfully prosecuting an indemnification suit are permissible under [the Delaware Corporation Code], and [are] therefore 'authorized by law.'" *Id.* at 561.

The Bank is correct in arguing that the same analysis does not apply in this case because here, the Bank's Articles of Incorporation do not provide for indemnification to the "fullest extent of the law," as did the corporation's bylaws in *Stifel*. Thus, Heine's reliance on *Stifel* is unavailing. Oregon law is clear. Prevailing party fees in a breach of contract action are only allowed when permitted by the underlying contract or by statute. *Cash Flow Investors*, 318 Or. at 91. Here, the Articles of Incorporation unambiguously do not provide for the recovery of attorney's fees incurred in prosecuting a claim for advancement. Additionally, Heine has not identified any Oregon statute that provides for such recovery, nor is the Court aware of any such statute. Thus, Heine is not entitled to relief under his Second Claim.

PAGE 9 – OPINION AND ORDER

**CONCLUSION**

Based on the evidence presented at trial and the record in this case, the Court finds that Heine is not entitled to judgment in his favor on his Second Claim.

**IT IS SO ORDERED**.

DATED this 23rd day of December, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge